IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EDMOND N. GAUDELLI, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. |
| v. | ) | |
| | ) | |
| PAMELA BONDI, | ) | |
| Attorney General of the United States, | ) | |
| | ) | |
| KASH PATEL, | ) | |
| Acting Director of the Bureau of Alcohol, | ) | |
| Tobacco, Firearms and Explosives, | ) | |
| | ) | |
| KASH PATEL, | ) | |
| Director of the Federal Bureau of Investigation, | ) | |
| and | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendants. | ) | |

## **COMPLAINT**

AND NOW, comes Plaintiff Edmond N. Gaudelli, Jr., by and through his attorney, Martin A. Dietz, Esquire, brings this action against Defendants, PAMELA BONDI, Attorney General of the United States and KASH PATEL, Acting Director of the Bureau of Alcohol, Tobacco, Firearms and Explosives, and KASH PATEL, Director of the Federal Bureau of Investigation, for violations of his rights protected by federal law and the Constitution of the United States of America.

## INTRODUCTION

About a quarter century ago, Plaintiff, Edmond N. Gaudelli, Jr. (hereinafter referred to as "Mr. Gaudelli"), was convicted of one count of perjury, a felony under federal law. Mr. Gaudelli only served approximately nine months in prison and his term of supervised release was terminated early because of Mr. Gaudelli's impressive post-conviction behavior. Mr. Gaudelli is a disabled veteran who resides and cares for his elderly mother. He has no other meaningful criminal record. Mr. Gaudelli, however, suffers from a lifetime prohibition on the possession of firearms, owing to old federal conviction, in violation of his Second Amendment rights. He deserves relief.

## JURISDICTION

1.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.S. § 1331 as it is a civil action arising under the Constitution of the United States, and the laws or treaties of the United States. This Court further has subject matter jurisdiction under 28 U.S.C. § § 1343, 1346, 2201 and 2202.

2.      Venue lies in this Court pursuant to 28 U.S.C. § 1391(e)(1)(B) as the Defendants are officers or employees of the United States or any agency thereof acting in their official capacity or under color of legal authority, or an agency of the United States. Moreover, a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this Court's judicial district.

<u>PARTIES</u>

3.      Plaintiff, Edmond N. Gaudelli, Jr. (referred to herein as "Mr. Gaudelli") is an adult individual, and a natural person who is a citizen of Pennsylvania and of the United States. He presently resides in Allegheny County. At present, Mr. Gaudelli wishes and intends to purchase and possess a handgun and long gun for the purpose of self-defense within his own home. Solely because of Defendants' active enforcement of the unconstitutional policies challenged in this matter, Mr. Gaudelli is precluded from doing so.

4.      Defendant, Pamela Bondi, is the Attorney General of the United States and is sued in that capacity. As Attorney General of the United States, BONDI is the final policymaker and has final decision-making authority over the unconstitutional policies alleged herein. Furthermore, Bondi is responsible for executing and administering laws, customs, practices and policies for the United States, and is presently enforcing the laws, customs, practices and policies challenged and complained of in this matter.

5.      Defendant, Kash Patel, is the Acting Director and Head of the Bureau of Alcohol, Tobacco, Firearms and Explosives (hereinafter, referred to as "BATFE"), and is sued in that capacity. As Deputy Director and Head of BATFE, Patel has final decision-making authority over the unconstitutional policies alleged herein. Furthermore, Patel is responsible for executing and administering laws, customs, practices and policies for the United States, and is presently enforcing the laws, customs, practices and policies

challenged and complained of in this matter.

6.      Defendant, Kash Patel, is the Director of the Federal Bureau of Investigation (hereinafter, referred to as "FBI"), and is sued in that capacity.

<u>STATEMENT OF FACTS</u>

7.      The preceding paragraphs are incorporated herein by reference as if re-alleged in full.

8.      Mr. Gaudelli is over twenty-one years of age, is not under indictment, is not a fugitive from justice as defined under 18 U.S.S. § 921(a)(15), is neither an unlawful user of, nor addicted to any controlled substance (as defined in section 102 of the Controlled Substances Act (21 U.S.C. § 802)), has not been adjudicated a mental defective or committed to a mental institution, is not an alien, has not been discharged from the Armed Forces under dishonorable conditions, has never renounced his United States citizenship, has never been the subject of a restraining order relating to an intimate partner as defined in 18 U.S.C. § 922(g)(8) and 18 U.S.C. § 921 (a)(32), and has never been convicted in any court of a felony or misdemeanor of domestic violence as defined in 18 U.S.C. § 921(a)(33) and 18 U.S.C. 922(g)(9).

9.      On July 10, 2003, Mr. Gaudelli was found guilty of one count of felony perjury at Case No. 02-275 in the United States District Court for the Western District of Pennsylvania in violation of 18 U.S.C. §1621. The maximum term of imprisonment for one convicted of that

offense is a term of imprisonment of five years.

10.     On October 20, 2003, Mr. Gaudelli was sentenced to a term of imprisonment of 12 months, followed by a two-year term of supervised release.

11.     After an appeal, Mr. Gaudelli's case was remanded to the district court for resentencing.  On October 5, 2005, Mr. Gaudelli was resentenced to a term of imprisonment of 12 months and a day, followed by a two-year term of supervised release.

12.     Mr. Gaudelli was released from his term of imprisonment after serving approximately nine months in prison.

13.     On February 22, 2007, Mr. Gaudelli filed a motion for the early termination of his term of supervised release based on the following facts:

> While on supervised release, Mr. Gaudelli has become a full-time student at Point Park University where he is majoring in Applied History/Pre Law.   His grade point average is 3.62.  He has been a law-abiding citizen and has volunteered his time to a variety of endeavors, including the Heinz History Center, the Braddock Road Preservation Association and the Fort Pitt Preservation Society.

14.     The United States of America, through Assistant United States Attorney Carolyn Bloch consented to the early termination of  Mr. Gaudelli's term of supervised release.

15.     On March 7, 2007, the district court terminated Mr. Gaudelli's term of supervised release early.

14.     Mr. Gaudelli's offense of conviction involved him giving false testimony during a deposition in a civil matter in which he was a witness. Mr. Gaudelli describes the incidents as a lapse in judgment and acknowledges that his conduct was wrong.

15.     Since his conviction, Mr. Gaudelli has lived a law-abiding life and he lives with an cares for his elderly mother. He has no other criminal history and is not a danger to others.

Defendants' Regulatory Scheme

16.     Title 18, United States Code § 922(g)(1) prohibits the possession of firearms by any person convicted of "a crime punishable by imprisonment for a term exceeding one year." Violation of this provision is a felony criminal offense punishable by fine and imprisonment of up to ten years. See 18 U.S.C. § 924(a)(2).

17.     Mr. Gaudelli's federal conviction prohibits him from owning and possessing firearms under 18 U.S.C. 922(g)(1), as his federal perjury conviction is a "crime punishable by imprisonment for a term exceeding one year" as defined in 18 U.S.C. § 921(a)(20). This prohibition exists despite the fact the prohibition does not expire with any passage of time and does not consider the nature of the underlying crime or individual

characteristics of American citizens convicted of such crimes.

18.     Violation of 18 U.S.C. §922(g)(1) constitutes a felony criminal offense punishable by imprisonment of up to ten (10) years.

19.     Title 18 U.S.C. §922(g)(1) prohibits possession of a firearm for any individual who has been convicted of any federal crime if the maximum possible sentence exceeds one year, regardless of the nature of the crime, the amount of time served in prison, if any, or whether there are applicable mandatory minimum sentences. This includes convictions for federal crimes such as perjury, respectively.

20.     Additionally, under 18 U.S.C. § 922(d), it is unlawful to "sell or otherwise dispose of any firearm or ammunition to any person knowing or having reasonable cause to believe that such person . . . has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year".  Violation of this prohibition is a felony criminal offense punishable by imprisonment of up to ten (10) years. *See* 18 U.S.C. § 924(a)(2).

21.     All firearms purchasers within the United States who do not possess a Federal Firearms License, meaning, virtually all ordinary civilian consumers of firearms, must complete "Form 4473, Firearms Transaction Record Part I — Over-the-Counter," administered under Defendants' authority, in order to purchase a firearm. 27 C.F.R. § 478.124.

22.      Question 11(c) on Form 4473 asks:

Have you ever been convicted in any court of a felony, or any other crime, for which the judge could have imprisoned you for more than one year, even if you received a shorter sentence including probation?

23.      Defendants instruct firearm dealers not to sell firearms to anyone who answers "yes" to this question. Indeed, Defendants instruct firearm dealers to refrain from even running a background check on anyone who answers "yes" to this question, and simply to deny the transaction on the basis of that answer:

If a prospective purchaser answered "yes" to any of the questions on the ATF Form 4473 (other than questions 9 a. and 9 l. of the 10/98 edition), you should not contact the NICS because the subject is prohibited from purchasing.

See BATFE FFL Newsletter, May, 2001, Issue I, at 14, available at http://www.atf.gov/files/publications/newsletters/ffl/ffl-newsletter-2001-05.pdf (last visited March 10, 2025 ).

If the prospective purchaser answers "yes" to any of the questions [regarding eligibility to possess firearms], the licensee has reasonable cause to believe that the transferee is prohibited. Accordingly, the transfer of a firearm to such a person would be in violation of Federal law. This is true regardless of whether the licensee received a "proceed" or "denied" response from NICS. In fact, there is no reason for the licensee to even contact NICS after a person indicates on the Form 4473 that he or she is prohibited from receiving firearms. The licensee should simply advise the prospective purchaser that the firearm may not be transferred.

See BATF FFL Newsletter, September 1999, Issue II, at 2, available at http://atf.gov/files/publications/newsletters/ffl/ffl-newsletter-1999-09.pdf (last visited March 10, 2025).

24.     Mr. Gaudelli desires and intends to possess firearms for self-defense and defense of his family and home.

25.     Due to his federal conviction, Mr. Gaudelli is prohibited by Defendants from following through with his intent to obtain a firearm, based on the likely enforcement of 18 U.S.C. §§ 921 (a)(20)(B) and 922(g)(1).

26.     Mr. Gaudelli refrains from obtaining a firearm only because he reasonably fears arrest, prosecution, incarceration and fine under 18 U.S.C. § 922(g)(1), instigated and directed by Defendants, should he follow through with his plan to obtain a firearm.

27.     Should Mr. Gaudelli answer, on Form 4473, that he has been convicted of a crime punishable by imprisonment for over one year, any federal firearms licensee who follows Defendants' directives would refuse to sell Mr. Gaudelli a firearm on account of the fact that Mr. Gaudelli is prohibited from possessing firearms under 18 U.S.C. § 922(g)(1). Thus, Mr. Gaudelli suffers the on-going harm of being unable to obtain firearms from licensed federal firearms dealers, which Mr. Gaudelli would, in fact, obtain but for the enforcement of 18 U.S.C. § 922(g)(1).

28.     Mr. Gaudelli's federal perjury conviction is not for an offense that prohibits possession of a firearm in his home state of Pennsyvlvania because the federal perjury conviction is not specifically enumerated in 18 Pa.C.S. §6105, which refers to "Persons not to possess, use, manufacture, control, sell or transfer firearms."

Count I
Individualized, As-Applied Claim for Relief Right to Keep and Bear Arms
U.S. Const. Amend. II

29.    The preceding paragraphs are incorporated herein by reference as if re-alleged in full.

30.    Mr. Gaudelli is a responsible, virtuous, law-abiding American citizen. He has no history of violent behavior or of any other conduct that would suggest he would pose any more of a danger by possessing firearms than an average, law-abiding responsible citizen. Mr. Gaudelli is unlikely to act in a manner dangerous to public safety, and his possession of firearms would not be contrary to the public interest and there are no historical analogous laws that permanently disarmed American citizens who were convicted of perjury charges.

31.    Mr. Gaudelli's perjury conviction is not serious enough to permanently strip him of his Second Amendment rights.

32.    Mr. Gaudelli's perjury conviction convictions did not involve dangerous conduct or the threat thereof nor did it endanger the physical safety of others. Likewise, Mr. Gaudelli does not pose a danger to the physical safety of others.

33.    Due to Mr. Gaudelli's unique personal circumstances, including but not limited to the nature of his sole prior conviction, the passage of time since those convictions, the absence of violent history and criminal history, his trustworthiness with firearms and the lack of danger that he or his possession of firearms would pose, it is unconstitutional to

apply against Mr. Gaudelli personally the firearms prohibition of 18 U.S.C. § 922(g)(1) based upon his 2003 federal conviction for perjury.

WHEREFORE, Plaintiff prays that this Honorable Court enter judgment in his favor and against Defendants, as follows:

a) A declaration that 18 U.S.C. § 921(g)(1) cannot be applied against Mr. Gaudelli based upon his 2003 federal conviction for perjury.

b) A declaration that application of 18 U.S.C. § 922(g)(1) against Mr. Mr. Gaudelli based upon his 2003 federal conviction for perjury violates the Second Amendment to the United States Constitution;

c) An order permanently enjoining Defendants, their officers, agents, servants, employees, and all persons in active concert or participation with them who receive actual notice of the injunction, from enforcing 18 U.S.C. § 922(g)(1) against Mr. Mr. Gaudelli based upon his 2003 federal conviction for perjury;

d) Costs of suit;

e) Attorney Fees and Costs pursuant to 28 U.S.C. § 2412; and

f) Any other further relief as the Court deems just and equitable.

Respectfully submitted,

    s/ Martin A. Dietz            .
Martin A. Dietz, Esquire
Pa. I.D. No. 69182

2885 Wildwood Road Extension
Allison Park, PA 15101
(412) 261-5520

Attorney for Plaintiff
Edmond N. Gaudelli, Jr.